JS-6

FILED
CLERK, U.S. DISTRICT COURT

9/22/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CW _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

MONICA MUNOZ,

        **Plaintiff,**

    **v.**

ROSS AVIATION OPERATIONS,
LLC, CLAUDIA ACEVES, and DOES 1
through 20,

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No.: EDCV 20-01851-CJC(SPx)**

**ORDER *SUA SPONTE* REMANDING CASE TO RIVERSIDE COUNTY SUPERIOR COURT**

## I. INTRODUCTION

On July 31, 2020, Plaintiff Monica Munoz filed this action in Riverside County Superior Court against Defendants Ross Aviation Operations, LLC ("Ross Aviation"), Claudia Aceves, and unnamed Does.  (Dkt. 2-1 [Complaint, hereinafter "Compl."].)  Plaintiff asserts eleven state-law causes of action against Ross Aviation, including

discrimination, retaliation, wrongful termination, hostile work environment, and failure to accommodate in violation of California's Fair Employment Housing Act ("FEHA").  (*Id.* ¶¶ 48–158.)  Plaintiff also asserts one cause of action against Claudia Aceves for intentional infliction of emotional distress ("IIED").  (*Id.* ¶¶ 159–68.)

Plaintiff alleges that on January 22, 2020, while working for Ross Aviation, she began to feel symptoms of morning sickness, including vomiting, dizziness, lightheadedness, and exhaustion.  (*Id.* ¶ 22.)  Plaintiff notified her supervisor, Claudia Aceves, and asked if she could leave work an hour early.  (*Id.*)  Aceves instructed Plaintiff to take a pregnancy test immediately, while Plaintiff was at work, and required Plaintiff to share the results with her.  (*Id.* ¶¶ 23–32.)  After hearing that Plaintiff was pregnant, Aceves shared this news with Plaintiff's supervisors and colleagues.  (*Id.* ¶ 36.)  From then on, Aceves and Plaintiff's supervisors began to treat her with "increased hostility."  (*Id.* ¶ 37.)  On February 22, 2020, about a month after taking the pregnancy test at work, Plaintiff was fired.  (*Id.* ¶ 38.)

On September 9, 2020, Ross Aviation filed a notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1332.  (Dkt. 2 [Notice of Removal, hereinafter "Notice"].)  Ross Aviation's notice of removal concedes that the parties are not completely diverse because both Plaintiff and Aceves are California citizens.  (*Id.* at 2.)  Still, Ross Aviation argues that Aceves' citizenship should be ignored for purposes of assessing diversity jurisdiction because Aceves was fraudulently joined.  (*Id.*)  The Court is not persuaded.  For the following reasons, the Court *sua sponte* **REMANDS** this action to Riverside County Superior Court.

//

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted).  A civil action filed in state court may be removed to a federal district court when that federal court would have had original jurisdiction over the action.  28 U.S.C. § 1441.  Federal courts have diversity jurisdiction over cases where the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is different from that of each defendant.  28 U.S.C. § 1332.  The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  If at any time before final judgment, the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court.  28 U.S.C. § 1447(c).

Although diversity jurisdiction requires complete diversity of citizenship, there is an exception to that requirement "where a non-diverse defendant has been fraudulently joined."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009).  "Joinder is fraudulent 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'"  *Id.* (quoting *Hamilton Materials Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  "A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder."  *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quotations omitted).  Defendants can establish fraudulent joinder only by showing that the defendant who purportedly destroys complete diversity "cannot be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("[I]f there is any possibility that

the state law might impose liability on a resident defendant . . . , the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.")

## IV.  DISCUSSION

Plaintiff asserts one cause of action against Aceves for IIED.  Ross Aviation argues that Aceves was fraudulently joined because Plaintiff's IIED claim against Aceves is preempted by the California Workers' Compensation Act ("WCA").  (Notice at 2.)  The Court disagrees.

With a few exceptions not relevant here, the WCA is the "exclusive remedy" for employee actions alleging injuries "against any other employee of the employer acting within the scope of his or her employment."  Cal. Lab. Code § 3601(a).  This includes emotional injuries.  *See Livitsanos v. Superior Court*, 2 Cal. 4th 744, 753 (1992) ("[C]ompensable injuries [under the WCA] may be physical, emotional or both, so long as they are disabling.").  Accordingly, "claims for emotional distress caused by the employer's conduct causing distress such as discharge, demotion, discipline or criticism" are generally "preempted by the [WCA], even when the employer's acts causing the distress are intentional or outrageous."  *De Peralta v. Fox Rest. Concepts, LLC*, 2018 WL 748287, at *3 (C.D. Cal. Feb. 6, 2018) (quoting *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1054 (C.D. Cal. 2013)); *Yau v. Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 161 (2014) ("[E]motional injuries sustained in the course of employment are preempted by the workers' compensation scheme and generally will not support an independent cause of action.").

However, there are exceptions to WCA preemption for "conduct that contravenes fundamental public policy" and that "exceeds the risks inherent in the employment relationship."  *Miklosy v. Regents of Univ. of Cal.*, 188 P.3d 629, 646 (Cal. 2008)

(quoting *Livitsanos*, 2 Cal. 4th at 754).  There is "no bright line test" for "determining what behavior is part of the employment relationship or reasonably encompassed within the compensation bargain" or what is "so far out of the normal risks of the employment relationship as to be beyond the reach of Workers' Compensation."  *Ledezma v. Walmart Inc.*, 2018 WL 6830492, at *3 (C.D. Cal. Dec. 21, 2018).  But there is a "longstanding view that unlawful discrimination and retaliation in violation of FEHA falls outside the compensation bargain and therefore claims of intentional infliction of emotional distress based on such discrimination and retaliation are not subject to workers' compensation exclusivity."  *Light v. Dept. of Parks & Recreation*, 221 Cal. Rptr. 3d 668, 689 (Cal. Ct. App. 2017) ("A number of California authorities have concluded claims for intentional infliction of emotional distress in the employment context may be asserted where the actionable conduct also forms the basis for a FEHA violation.").[1]

Here, Ross Aviation has failed to establish fraudulent joinder because the conduct underlying Plaintiff's IIED claim against Aceves also forms the basis for a FEHA violation.  *See Light*, 14 221 Cal. Rptr. 3d at 687.  Plaintiff alleges that Aceves caused her severe emotional distress by requiring Plaintiff to take a pregnancy test at work, requiring Plaintiff to discuss the results of the test with her, and disclosing the results of that test to Plaintiff's supervisors and colleagues.  (Compl. ¶¶ 23–37, 159–163.)  Plaintiff also alleges that because of her pregnancy, she was harassed, discriminated and retaliated against, wrongfully terminated, and not reasonably accommodated in violation of FEHA.  (*Id.* ¶¶ 48–84, 94–101, 110–136.)   Because Plaintiff's IIED claim arises out of her FEHA claims, her IIED claim is "not barred by the exclusivity provisions of [California's] workers' compensation laws."  *See Light*, 221 Cal. Rptr. 3d at 687.  Ross Aviation has

---

[1] A plaintiff need not perfectly allege a claim that falls outside WCA preemption in order to avoid a finding of fraudulent joinder.  Indeed, courts in this district have given significant leeway to plaintiffs whose pleadings did not explicitly tie their emotional distress claim to conduct beyond the normal employment relationship where the courts concluded it was possible that the plaintiffs could amend their pleadings to make that connection.  *See, e.g.*, *Hassler v. Talbots, Inc.*, 2019 WL 4221390, at *3 (C.D. Cal. Sept. 5, 2019); *Ledezma v. Walmart Inc.*, 2018 WL 6830492, at *4 (C.D. Cal. Dec. 21, 2018).

thus failed to show that Aceves "cannot be liable on any theory." S*ee Ritchey*, 139 F.3d at 1318.   Because the Court must consider Aceves' citizenship, it concludes that diversity jurisdiction does not exist.

## V.  CONCLUSION

For the foregoing reasons, the Court *sua sponte* **REMANDS** this action to Riverside County Superior Court for lack of diversity jurisdiction.

DATED:     September 22, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE